UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAMSEY NARCISSE** | * | **CIVIL ACTION NO.: 3:20-cv-00571** |
| | * | |
| **VERSUS** | * | **MAG. JUDGE:** |
| | * | |
| **JAMES RIVER INSURANCE COMPANY** | * | **JUDGE:** |

**COMPLAINT FOR BAD FAITH PENALTIES AND ATTORNEY FEES**

NOW INTO COURT, through undersigned counsel, comes Ramsey Narcisse, a major domiciled in East Baton Rouge Parish, Louisiana, who respectfully represents that:

1.

Made defendant herein is James River Insurance Company, a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, the Secretary of State for the State of Louisiana;

2.

The defendant is liable unto the plaintiff for the following, to-wit:

3.

On or about September 29, 2018, Ramsey Narcisse was proceeding with all due care and caution in a north bound direction on Millerville Road in Baton Rouge, Louisiana, and was stopped at a red light.

4.

At the same time, Bilal Furqan was proceeding immediately behind plaintiff's vehicle.

5.

Bilal Furqan's vehicle rear-ended Ramsey Narcisse's vehicle because Bilal Furqan failed to timely stop to prevent rear-ending plaintiff's vehicle with enough force to push it into the vehicle in front of it. As a result of the collision caused by Mr. Furqan's negligence, Mr. Narcisse suffered general and special damages.

6.

Plaintiff resolved his claims against Mr. Furqan and Mr. Furqan's insurer, Louisiana Farm Bureau Insurance Company, for the full and final payment of $10,000.00, reserving rights against all other parties, including James River Insurance Company as the plaintiff's UM provider. The full amount of insurance coverage available to Mr. Furqan was a $15,000/$30,000.00 policy, but because of the extent of the injuries to the other persons in the collision, only $10,000.00 of that coverage was allocated to the plaintiff and that is the full extent of the coverage received by him in settlement of his claims.

7.

At all times pertinent hereto, specifically on or about the date of the collision, James River Insurance Company had in full force and effect a policy of uninsured/underinsured insurance providing coverage and protection to Ramsey Narcisse to the extent that the adverse driver was uninsured or underinsured.

8.

The plaintiff first advised James River Insurance Company of the plaintiff's UM claim in a letter of representation on October 8, 2018.

9.

By letter dated March 19, 2019, addressed to James River Insurance Company, counsel for Ramsey Narcisse provided additional information to James River Insurance Company regarding

the claims arising from the collision that were being asserted by plaintiff. This letter included previous correspondence with the liability insurer that provided evidence of the adverse driver's liability limits and attached relevant medical records. These letters made it clear that the liability insurance was insufficient to compensate the plaintiff for the damages caused by the collision at issue, as the plaintiff had already incurred over $30,000.00 in medical expenses at that point and was scheduled to undergo further surgeries. Despite the clear evidence that the adverse driver's minimum policy liability limits would be insufficient to compensate the plaintiff for the undisputed medical expenses he had already incurred, not to mention the additional expenses that would be incurred as a result future treatment, James River Insurance Company only made a $10,000.00 tender by check dated April 16, 2019.

10.

The March 19, 2019 letter was followed by three update letters on May 3, 2019, June 7, 2019, and July 22, 2019. Despite proof of additional medical expenses incurred by the plaintiff, which at the time of the July 22, 2019 letter totaled over $150,000.00, James River Insurance Company made no other tenders in response to any of those demands after the tender of $10,000.00 on April 16, 2019.

11.

On September 25, 2019, the plaintiff sent correspondence to the defendant's counsel again providing evidence that plaintiff's damages far exceeded the minimum policy liability insurance limits available to the adverse driver. During the course of the exchange of these letters, Mr. Narcisse's medical records for several years prior to the collision were provided to James River Insurance Company.

12.

On December 14, 2019, counsel for Ramsay Narcisse contacted counsel for James River Insurance Company via email, noting that to date, James River had only tendered $10,000. Counsel for James River Insurance Company responded via email on December 16, 2019 indicating no other tender would be made until defendant obtained Ramsay Narcisse's complete medical records, his deposition, and DME. Later that same day, plaintiff's counsel acknowledged the prerogative exercised by James River but maintained that he would preserve his claims for bad faith by the insurer.

13.

On February 4, 2020, following the deposition of Ramsay Narcisse, counsel for the plaintiff again emailed counsel for James River and reminded her of the fact that there was no dispute over the amount of underlying coverage (but also providing an affidavit to further set that forth), the fact that Mr. Narcisse had approximately $150,000.00 in medical bills and that to date James River had only tendered $10,000.00 over the $10,000.00 in available liability coverage.

14.

The defendants obtained a defense medical examination report dated June 16, 2020, which confirmed, as already established by the other medical records in the defendant's possession, that the thoracic surgery plaintiff had undergone as well as other injuries were related this collision. This DME report was provided to plaintiff on July 20, 2020, more than thirty days after its completion.

15.

Despite the prior satisfactory proof of loss and the defendant's own DME report, the defendant waited until August 17, 2020 to make any additional tender over the previously made woefully inadequate $10,000.00.

16.

This August 17, 2020 tender was again in breach of the duties owed to the plaintiff by the defendant as it was not timely and again was inadequate.

17.

The tender came significantly more than thirty days after the defendant had sufficient proof of loss and of the underinsurance by the adverse driver.

18.

The defendant's tender was also a breach of its statutorily mandated duties because the tender amount was not sufficient to cover the undisputed portion of the plaintiff's claims. At that time of the tender, the defendant had already been aware for over a year that the plaintiff's medical bills exceeded $150,000.00, most of which were related to the thoracic surgery that even the medical examiner hired by the defendant attributed to the collision, and that the plaintiff had additional general and special damages claims. Despite this satisfactory proof of loss, the defendant only tendered $160,000.00, for a total recovery to date by the plaintiff of $180,000.00. This amount was arbitrary, capricious, and without probable cause in light of the proof of loss in the defendant's possession.

19.

The actions asserted herein were in violation of the duties imposed upon James River Insurance Company to act in good faith, to act promptly, reasonably, and meaningfully in adjusting

the claims with its insured, to make a tender of those amounts not reasonably in dispute, and to prevent unnecessary litigation.

20.

Pursuant to La. R.S. 22:1892(A)(1), an insurer "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." A breach of the duty to make a payment within 30 days of receipt of satisfactory proof of loss under La. R.S. 22:1892(A)(1) "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

21.

James River Insurance Company arbitrarily, capriciously, and without probable cause failed to tender any payments to the plaintiff for over a year despite having received satisfactory proof of loss, and even after having received satisfactory proof of loss it further failed to make a reasonable tender at that time based on the evidence, all in violation of La. R.S. 22:1892(A)(1), subjecting it to liability for penalties, attorney fees, and costs.

22.

Pursuant to La. R.S. 22:1973(A), an insurer "owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." Further,

an insurer will be found to have breached this obligation by "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1973(B)(5). An insurer who breaches the duty of good faith under La. R.S. 22:1973 may be found liable for penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973.

23.

James River Insurance Company violated La. R.S. 22:1973(A) and arbitrarily, capriciously, and without probable cause breached its duty of good faith and fair dealing to the plaintiff by failing to promptly make reasonable efforts to settle the plaintiff's UM claim. James River Insurance Company also specifically breached its duties to the plaintiff by violating La. R.S. 22:1973(B)(5) in arbitrarily, capriciously, and without probable cause failing to tender any payments to the plaintiff for over a year despite having received satisfactory proof of loss, and even after having received satisfactory proof of loss by further failing to make a reasonable tender at that time based on the evidence. These violations subject James River Insurance Company to liability for the penalties set forth under La. R.S. 22:1973(C).

24.

The amount in controversy, excluding costs and interest, exceeds $75,000.00 and there is complete diversity between the parties.

WHEREFORE, Ramsey Narcisse prays that, after the expiration of all legal delays and due proceedings had, there be a judgment rendered herein in his favor and against James River Insurance Company for all amounts reasonable under the premises together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings and any other penalties or sanctions, together with attorney fees and recoverable costs.

        Respectfully submitted:

        Simien & Simien, L.L.C.
        Attorneys and Counselors at Law
        7908 Wrenwood Boulevard
        Baton Rouge, Louisiana 70809
        (225) 932-9221; (225) 932-9286 (fax)

        */s/Eulis Simien, Jr.*
        Eulis Simien, Bar # 12077